UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                 :
**MICHAEL O. WILLIAMS**,                                         :
                                                                 :
                              Plaintiff,                         :
                                                                 :    **MEMORANDUM DECISION AND**
                                                                 :    **ORDER**
                  – against –                                    :
                                                                 :    24-CV-2786 (AMD) (LKE)
                                                                 :
**IRS EXAM DEPARTMENT**,                                         :
                                                                 :
                              Defendant.                         :
                                                                 :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the defendant's motion to dismiss.[1]  Liberally construed, the plaintiff

asserts a claim for a tax refund, as well as a claim for damages flowing from the allegedly

unlawful activity of an Internal Revenue Service (IRS) employee.  For the reasons that follow,

the defendant's motion is granted, and the complaint is dismissed without prejudice.

## BACKGROUND

The *pro se* plaintiff filed this action on March 28, 2024.  (ECF No. 1.)  He alleges that he

is entitled to various tax refunds for the years 2018, 2020, and 2021.  In a letter clarifying his

purported damages, the plaintiff identifies two categories of funds to which he believes he is

entitled: (1) "garnished" personal tax refunds of $1,170 and $7,230 for the years 2021 and 2020,

respectively; and (2) a "[b]usiness tax return" of $7,566, which the Court understands to be for

the year 2018.  (ECF No. 11; ECF No. 1 at 5, 47.)[2]

---

[1] As detailed below, the Court construes the plaintiff's complaint as asserting claims under 26 U.S.C.
§§ 7422 and 7433 against the United States of America and an individual IRS employee.  Accordingly,
the United States of America and that unnamed employee are the proper defendants.

[2] The plaintiff suggests in his letter that the State of New Jersey owes him a tax refund of over $1,000
(although the precise amount is illegible).  (ECF No. 11.)  But there are no allegations or documentation
concerning the alleged overpayment to New Jersey and the plaintiff does not name the state as a

According to the plaintiff and the materials attached to his complaint,[3] his claims relate to business earnings and expenses from 2018, which the plaintiff alleges the IRS improperly accounted as personal income.  While the precise timeline is unclear, it appears that the plaintiff filed his tax returns for the years 2018 through 2021 in 2022.  (ECF No. 1 at 22.)  Although the plaintiff was entitled to a return of approximately $7,000 in overpaid taxes for the years 2021 and 2022, the IRS determined that he owed more than $13,000 in unpaid taxes from 2018.  (*Id.*)

After discussing the issue with an IRS representative, the plaintiff hired an accountant to file an amended 2018 tax return in December 2022; he claimed in that return that the IRS had overcharged him $13,428.  (*Id.* at 32.)  The IRS audited the amended return, using the automated underreporter function, and the plaintiff discussed the alleged underreport and his objections to the charged taxes with an IRS representative in September 2023.  (*Id.* at 8.)  On November 27, 2023, the IRS sent the plaintiff the formal report on his income tax examination, which proposed several downward adjustments to the plaintiff's 2018 tax liability but asked him to provide additional "records necessary to verify . . . costs."  (*Id.*)  The plaintiff replied on December 22, 2023 with materials that he claims supported his business costs.  (*Id.* at 14–17.)

On February 6, 2024, the Taxpayer Advocate Service (TAS) — an independent organization within the IRS that advises taxpayers in disputes with the agency — informed the plaintiff by letter that it would help him.  (*Id.* at 19–20.)  A TAS representative advised him that the IRS would allow a refund of $853 in total.  (*Id.* at 23.)  As the records submitted by the plaintiff dated March 5, 2025 show, the IRS agreed to decrease the plaintiff's tax liability by

---

defendant.  Accordingly, to the extent the plaintiff asserts a claim to recover taxes overpaid to New Jersey, that claim is dismissed.

[3] The Court considers these documents in deciding this motion because the plaintiff incorporates them by reference in his complaint.  *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

$6,637 and his penalties and fines by a total of $938.60. (*Id.* at 32, 37.) As a result, the plaintiff's account balance — which was $6,720.95 — would be credited $7,575.60 and the plaintiff would receive a refund of $854.65. (*Id.* at 37.)

On March 7, 2024, the plaintiff spoke with an IRS examiner by phone. By this time, the IRS had finalized its proposed adjustment, but the plaintiff claims that he had not yet received the final documentation. (*Id.* at 23.) On forms recording that call, the examiner reported that the plaintiff "declined to accept the partial refund." (*Id.* at 47.) The examiner, therefore, disallowed the plaintiff's claim in its entirety, "per [the plaintiff's] request," and closed the case. (*Id.* at 28.) The plaintiff claims that the examiner misunderstood him and that he did not want her to close the case. (*Id.* at 23.)

The plaintiff sent his response to the final adjustment on March 19 and called the IRS to try to reopen his case. (*Id.*) The IRS refused to reopen his case and directed him to his TAS representative. (*Id.*) The plaintiff received a 105C letter from the IRS formally disallowing his refund claim and brought this action. (*Id.* at 47–51.)

## LEGAL STANDARD

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014) (internal citation and quotations omitted). A district court must dismiss a claim for want of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Although courts must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff, a court may look beyond the allegations of the complaint and examine evidence outside of the pleadings when it considers a motion to

dismiss for lack of subject matter jurisdiction." *Wright v. Comm'r of Soc. Sec.*, No. 17-CV-422, 2018 WL 1640588, at \*1 (E.D.N.Y. Apr. 5, 2018) (internal citation and quotations omitted); *see also Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.") *aff'd*, 561 U.S. 247 (2010).

## DISCUSSION

"The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including federal agencies like the IRS, unless sovereign immunity has been waived." *Humphrey v. Internal Revenue Serv.*, No. 22-1052, 2022 WL 17728194, at \*1 (2d Cir. Dec. 16, 2022); *see also Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress.").

## I.    Claim for Tax Refund

Congress has established two different processes for a taxpayer to challenge taxes he believes were wrongfully assessed. One option is for the taxpayer to plead his case to the Tax Court for a redetermination of his liability. 26 U.S.C. § 6213; *see also Jordan-Rowell v. Internal Revenue Serv.*, No. 22-CV-6633, 2022 WL 11271893, at \*2 (S.D.N.Y. Oct. 17, 2022). This path comes with certain jurisdictional limits, including a short limitations period. 26 U.S.C. § 6213(a) (requiring filing within 90 business days of the mailing of the notice of deficiency).

The other option is to bring suit in a federal district court or the court of federal claims after complying with separate jurisdictional prerequisites. These claims are justiciable because Congress has waived sovereign immunity for income tax refund actions under certain, limited

circumstances.  *Monti v. United States*, 223 F.3d 76, 78 (2d Cir. 2000).  Section 1346(a) grants

the district courts original jurisdiction over

> [a]ny civil action against the United States for the recovery of any internal-revenue
> tax alleged to have been erroneously or illegally assessed or collected, or any
> penalty claimed to have been collected without authority or any sum alleged to have
> been excessive or in any manner wrongfully collected under the internal-revenue
> laws.

28 U.S.C. § 1346(a)(1).

Courts have consistently interpreted this provision "to require the full payment of the

contested tax as a jurisdictional prerequisite to a tax refund action."  *Larson v. United States*, 888

F.3d 578, 583 (2d Cir. 2018); *see also Flora v. United States*, 362 U.S. 145, 177 (1960) (holding

that § 1346, "correctly construed, requires full payment of [an] assessment before an income tax

refund suit can be maintained in a Federal District Court"); *Interior Glass Sys., Inc. v. United*

*States*, 927 F.3d 1081, 1086 (9th Cir. 2019) ("As a general rule, the government may require a

taxpayer who disputes his tax liability to pay upfront before seeking judicial review."); *Taylor v.*

*US Gov't*, No. 18-2227, 2019 WL 1940747, at *1 (6th Cir. Apr. 8, 2019) ("Before a tax refund

suit may be filed in the district court, the tax must be paid in full."); *Whiteford v. United States*,

148 Fed. Cl. 111, 118 (2020) ("The 'full payment rule' requires a taxpayer to fully pay their

federal income tax at issue prior to bringing suit in the Court of Federal Claims.").  Moreover,

26 U.S.C. § 7422(a) places additional jurisdictional limits on taxpayer refund suits, stating that

"[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue

tax alleged to have been erroneously . . . assessed or collected . . . until a claim for refund or

credit has been duly filed . . . according to the provisions of law in that regard."

When — and only when — all of these conditions are satisfied, "[a] taxpayer seeking a

refund of taxes erroneously or unlawfully assessed or collected may bring an action against the

Government either in United States district court or in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008) (citing 28 U.S.C. § 1346(a)(1)).

The government argues that the plaintiff's claim is properly construed as a tax refund claim for 2018, which the Court does not have jurisdiction to hear because the plaintiff has not paid the assessed tax for that year. (ECF No. 15-1 at 2–3.) The plaintiff responds that the 105C letter allows him to challenge the tax examiner's decision in the district court. (ECF No. 16.) He also claims that his personal tax refund should not have been credited towards a balance that he maintains is attributable to his now-defunct LLC. (*Id.*)

The plaintiff's primary claim is rightly construed as a tax refund claim.[4] But neither party addresses a fundamental complication in this case. On the one hand, there is a balance on the plaintiff's tax ledger, and because he has not paid the tax he seeks to challenge, he has not satisfied the jurisdictional prerequisite to a tax refund action. *See Flora*, 362 U.S. at 177. On the other hand, if the plaintiff had accepted the examiner's adjustment, he would have cleared his balance, which would entitle him to bring this action, and he would have gotten a tax refund — albeit one substantially less than what he claims he is owed. Under the first scenario, the plaintiff gets no refund, and the Court lacks subject matter jurisdiction over his claim; under the second scenario, the plaintiff gets some money back from the government and can ask the Court to order the government to pay the full amount he claims he is owed. Moreover, it is unclear from record if the plaintiff wanted the IRS to disallow the entire amended return, as the examiner reported. (*See* ECF No. 1 at 28.) Indeed, the plaintiff denies that he did, characterizing the

---

[4] As the government explains, the IRS may apply the tax refund for one year — in this case, 2021 and 2022 — to an outstanding liability from another tax year — in this case, 2018. (ECF 15-1 at 2 (citing 26 U.S.C. § 6402(a)).) Thus, to the extent the plaintiff contests the legality of this process, that claim fails.

IRS's position as a claim that the plaintiff "'verbally' told her to put [him] in debt."  (ECF No. 1 at 23.)

But the IRS's records show that the plaintiff still has an unpaid tax liability (ECF No. 15-2), a formality that the Court cannot disregard since subject matter jurisdiction and sovereign immunity are at issue.  *See, e.g.*, *Tarafa v. B.O.P. MDC Brooklyn*, No. 07-CV-554, 2007 WL 2120358, at *3 (E.D.N.Y. July 23, 2007) ("Although it is this court's view that dismissing [the plaintiff's] FTCA claim and requiring him to re-file is the ultimate exercise of form over substance, this court must dismiss [the plaintiff's] FTCA claim . . . ." (cleaned up)); *Chemoil Corp. v. United States*, No. 19-CV-6314, 2023 WL 6257928, at *7 (S.D.N.Y. Sept. 26, 2023) ("Because the United States may not be sued without its consent, actions against the United States for tax refunds may be brought only under a narrowly construed set of guidelines set forth in 26 U.S.C. § 7422(a) and its accompanying guidelines." (cleaned up)).  Accordingly, the plaintiff has not satisfied the jurisdictional prerequisites for filing a tax refund action, and thus the Court does not have subject matter jurisdiction over the plaintiff's tax refund claim.

## II.    Claim Against IRS Employee

In addition to the tax refund claim, the plaintiff seeks damages for "denial of service and time wasting."  (ECF No. 1 at 5.)  The government argues that the Court should construe these as tort claims against the IRS, which are barred by sovereign immunity.  (ECF No. 15-1 at 3.)  The government is right; the plaintiff's claim would be barred because the Federal Tort Claims Act, which waives sovereign immunity for certain torts against federal employees, excepts "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c); *see also Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 477–78 (2d Cir. 1995) (the exception "cover[s] claims arising out of the operation of the government's mechanism for assessing and collecting taxes").

7

However, the Court must construe the plaintiff's pleading to raise the strongest arguments that it suggests (*see Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008)), which may be a claim under 26 U.S.C. 7433(a), which is "the exclusive remedy for recovering damages" caused by the misconduct of IRS employees. That provision states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a).

Nevertheless, this claim is also unavailable to the plaintiff. First, "[t]he plain language of section 7433 requires that a plaintiff show intentional, reckless or negligent disregard of a statute or regulation, and not merely that the IRS conduct was improper." *Novikova v. IRS*, No. 04-CV-5324, 2005 WL 8158947, at *6 (E.D.N.Y. Mar. 10, 2005); *see also id.* (collecting cases). While the plaintiff alleges that the IRS employee with whom he spoke in March improperly recorded that he declined an adjusted claim, the plaintiff does not plead sufficient facts to suggest that the employee disregarded a statute or regulation.

Second, "[a] judgment for damages" under this section "shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). To exhaust his remedies in this context, the plaintiff must file an administrative claim that describes the injuries the IRS agent caused. *See* 26 C.F.R. § 301.7433-1(e). The plaintiff does not allege that he made an administrative claim about the IRS agent's conduct. "Because the exhaustion of administrative remedies is a jurisdictional bar to Plaintiff's section 7433 claim, any sovereign immunity waiver is inapplicable." *Hyped Holdings LLC v. United States*, No. 22-CV-5340, 2023 WL 6121784, at

*5 (E.D.N.Y. Sept. 19, 2023). Accordingly, the Court does not have subject matter jurisdiction over the plaintiff's claim, even when liberally construed to assert a claim under § 7433.

## CONCLUSION

The Court does not have subject matter jurisdiction over the plaintiff's claims, so the defendant's motion to dismiss is granted and the case is dismissed without prejudice.

Because the plaintiff is *pro se*, the Court grants him leave to file an amended complaint within 30 days from the entry date of this Order. *See Shomo v. City of New York*, 579 F.3d 176 (2d Cir. 2009). If the plaintiff decides to file an amended complaint, he must plead facts that demonstrate that the Court has subject matter jurisdiction over his claim. Specifically, he must allege that he has paid the outstanding balance to assert a refund claim, and he must allege that he has exhausted his administrative remedies to assert a claim for damages against any individual IRS employee. The amended complaint will replace the original complaint and must stand on its own without reference to the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order, 24-CV-2786 (AMD) (LKE). If the plaintiff does not file an amended complaint within 30 days of this Order or show good cause for an extension of time, the Court will direct the Clerk of Court to enter judgment and close the case.

The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729, for free, confidential, limited-scope legal assistance.

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      June 11, 2025